WILSON, *Appellant,* v. VANSTONE *et al.*

Division One, November 28, 1892.

1. **Mortgage:** EQUITY OF REDEMPTION. A mortgagee may, in good faith and for adequate value, acquire the equity of redemption.

2. ———: SENIOR AND JUNIOR MORTGAGEES. Where there are two recorded incumbrances, the purchase of the equity of redemption by the holder of the senior security does not, of itself, let in the junior mortgage to a precedence over the former under the registry laws of this state.

3. ———: ———. The purchase of such an equity as is above indicated would not impair the equitable right of the holder of the junior mortgage to redeem as to the earlier one before its foreclosure.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*John R. Vance* and *D. D. Duggins* for appellant.

(1)	At the time of the agreement between George S. Fenton and defendant Vanstone, on the fifteenth day of March, 1886, in which Vanstone was to enter

satisfaction of the deed of trust made to him on the nineteenth day of October, 1882, he, defendant, had full knowledge of the deed of trust made on the twenty-third day of February previous, as the same was then of record in the recorder's office of Saline county, in record number 53, at page 128. *Digman v. McCullum,* 47 Mo. 372; 1 Story on Equity [9 Ed.] secs. 401, 403; *Rhodes v. Outcalt,* 48 Mo. 380; *Mason v. Black,* 87 Mo. 329; *Cox v. Esteb,* 81 Mo. 399. (2) The execution of the deed by Fenton to Vanstone extinguished his deed of trust to Vanstone. *Thornton v. Bank,* 71 Mo. 221; *Baile v. Ins. Co.,* 73 Mo. 371, 375; *Atkinson v. Angert,* 46 Mo. 515; *Olmstead v. Stewart,* 46 Mo. 510; *Olmstead v. Tarsnee,* 69 Mo. 396. (3) The first deed of trust was extinguished by the execution of the deed to the equity of redemption by Fenton to Vanstone as a consideration therefor, and the same was dead and useless for any purpose, and the sale under the same to defendant was void. *White v. Todd,* 10 Mo. 190; *Joerdens v. Schrimpf,* 77 Mo. 383; *Atkinson v. Angert,* 46 Mo. 515.

*Boyd & Sebree* for respondents.

BARCLAY, J.—Plaintiff sues for a decree for title to a tract of land in Saline county. His petition has a second count in ejectment for the same property. Defendant, Mr. Vanstone, is the adversary claimant. The other defendant is the latter's tenant in possession.

It is not necessary to set forth the pleadings.

The substantial controversy is whether plaintiff's title is legally or equitably better than that of Mr. Vanstone. The trial court on plaintiff's own showing held that it was not, and rendered judgment for defendant accordingly. From that result plaintiff appealed in the regular way.

Both titles are traced to Mr. Fenton as the common source.

Plaintiff claims (through sale by a trustee in 1888) under a deed of trust by Mr. Fenton, dated and recorded February 23, 1886, to secure a note in plaintiff's favor for $1,100, payable one year thereafter.

Defendant's title rests upon a trustee's sale, in April, 1887, under deed of trust by Mr. Fenton in defendant's favor, dated and recorded October 19, 1882, to secure a note for $1,026, at fifteen months.

Plaintiff also offered testimony that, in February, 1887, defendant and Mr. Fenton negotiated for a settlement of accounts, and about that time a deed of general warranty to defendant was executed and acknowledged by Mr. Fenton. Its recited consideration is $2,225, receipt of which is acknowledged.

Plaintiff appears to suppose that the effect of this deed is to disturb the priority of defendant's original deed of trust, and, necessarily, of the trustee's sale to defendant thereunder. There is no proof of any agreement between defendant and Mr. Fenton at any time, on that point, or of any agreement releasing or discharging the debt or lien of the first deed of trust, unless the warranty deed of Mr. Fenton to defendant, with the statutory covenants of title, should be regarded as implying some such agreement.

Defendant clearly had the right to buy Mr. Fenton's equity of redemption, subject to existing mortgages, without displacing the lien of the first mortgage held by him (defendant). That purchase, however, did not disturb the plaintiff's position, at that time, as holder of the second deed of trust or mortgage. Though the warranty deed of Mr. Fenton purported to be an absolute transfer, it did not impair the equitable right of plaintiff, under the second incumbrance, to redeem as to the earlier one, before its foreclosure.

A mortgagee may, in good faith, and for adequate value, acquire the equity of redemption. Where there

are two recorded incumbrances, the purchase of that equity by the holder of the senior one certainly does not, of itself, let in the junior mortgage to a precedence over the former under our registry laws, whatever may be its effect elsewhere. Compare *Adams v. Angell* (1877), 5 L. R. Ch. Div. 634; *Gopaldoss v. Seochand* (1884), 11 L. R. Ind. App. 126. Plaintiff asserts the contrary of this proposition, but we do not agree with him. It is not necessary to reiterate settled principles governing the law of merger in Missouri.

This is simply a case where he who is prior in time is stronger in law.

The trial court ruled that plaintiff's title was not superior to that of defendant. In that ruling, and in affirming the judgment thereon all the judges of this division concur.